IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARIBEL GLASS,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | § | No. PE:22-CV-00014-DC-DF |
| | § | |
| SUL ROSS STATE UNIVERSITY, PETE<br>PENA GALLEGO, BOARD OF REGENTS –<br>TEXAS STATE UNIVERSITY SYSTEM,<br>KARLIN DEVOLL, BRANDY SNYDER,<br>AND KARA O'SHAUGHNESSY,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

BEFORE THE COURT is Plaintiff Maribel Glass's ("Plaintiff") Opposed Motion for Leave to File First Amended Petition (hereafter, "Motion for Leave"). (Doc. 14). This case is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636, and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Plaintiff's Motion for Leave shall be **GRANTED**. (Doc. 14).

On June 21, 2022, Defendants filed a Motion for Judgment on the Pleadings (hereafter, "Motion for Judgment") pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 12). Plaintiff filed a Response to the Motion for Judgment on July 5, 2022, followed by Defendants' Reply to the same on July 12, 2022. (Docs. 15, 16). On July 5, 2022, Plaintiff filed her Motion for Leave. (Doc 14). Defendants filed a Response to Plaintiff's Motion for Leave on July 19, 2022. (Doc. 17). Plaintiff has not filed a Reply to Defendants' Response to the Motion for Leave. Thus, this matter is now ripe for disposition.

A single attempt to amend is permitted under Federal Rule of Civil Procedure 15 where it is filed within twenty-one days after service of either the pleading itself or a responsive pleading, or a motion made under Federal Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). Federal Rule 15 "evinces a

bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). In any event, the purpose of Federal Rule 15 is to "assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Id.* Where an amendment would be untimely and the opposing party does not consent, leave is "not automatic," and "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2); *Argent Holdings, LLC v. E. El Paso Physicians Med. Ctr., LLC*, No. EP-17-CV-00199-ATB, 218 WL 548676, at *1 (W.D. Tex. Jan. 23, 2018); *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 4460338, at *1 (W.D. Tex. July 20, 2015) (Ezra, J.). In any event, the reviewing court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Put differently, leave to amend should be granted unless there is a substantial reason to not do so. *Grimes v. Avis Budget Grp., Inc.*, No. 3:20-CV-0486-M-BH, 2021 WL 2167005, at *4 (N.D. Tex. May 27, 2021).

Nevertheless, the "when justice so requires" caveat is significant. *Golden v. Gen. Motors LLC*, No. 1:17-cv-606-RP, 2017 WL 5633465, at *1 (W.D. Tex. Nov. 22, 2017). Thus, in making this determination, the court is "entrusted with [] discretion . . . and may consider a variety of factors "including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Anokwuru v. City of Houston*, 990 F.3d 956, 966 (5th Cir. 2021) (citation omitted). An amendment is futile if the proposed amended complaint is subject to dismissal pursuant to Federal Rule 12(b)(6). *Abad v. Maxum Petrol. Operating Co.*, No. MO:16-CV-00001-RAJ-DC, 2016 WL 10950438, at *1 (W.D. Tex. June 20, 2016) (Counts, J.) (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)). "Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

The Court finds that the proposed First Amended Petition (Doc. 14-1) is not futile, is not the result of undue delay, bad faith, or any dilatory motive on behalf of Plaintiff, and will not cause any undue prejudice to Defendants. Accordingly, Plaintiff's Motion for Leave shall be **GRANTED**. (Doc. 14).

Further, the Clerk of Court is **ORDERED** to docket Plaintiff's First Amended Petition attached to the Motion for Leave as the active complaint. (Doc. 14-1)

It is so **ORDERED**.

SIGNED this 25th day of October, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE